**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1442-19

KAREN CHAVIS, Individually,
and as General Administrator
Ad Prosequendum of the
Estate of KAY FOWLER,

     Plaintiff-Respondent,

v.

NORWOOD TERRACE HEALTH
CENTER, LLC, NORWOOD
TERRACE NURSING AND
REHABILITATION CENTER, LLC,
and ARISTA CARE AT NORWOOD
TERRACE, LLC,

     Defendants-Appellants.

_____

Submitted April 29, 2020 – Decided May 4, 2021

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0274-18.

Marks, O'Neill, O'Brien, Doherty & Kelly, PC, attorneys for appellants (Melissa J. Brown and Amanda A. King, on the briefs).

Anglin, Rea & Cahalane, PA, attorneys for respondent (Patrick H. Cahalane, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

In this nursing home malpractice and wrongful death case, defendants argue the Law Division erred in denying their motion to enforce an arbitration clause included in the Admission Agreement executed by decedent at the time of her admission into the nursing home. We disagree. Based on the undisputed salient facts of this case and mindful of the standards established by the Supreme Court in <u>Cole v. Jersey City Medical Center</u>, 215 N.J. 265, 280-81 (2013), we hold the trial court correctly found defendants waived their right to enforce the arbitration clause in the Admission Agreement.

On January 15, 2018, plaintiff Karen Chavis, individually and in her capacity as Administrator ad Prosequendum of the Estate of her late mother Kay Fowler, filed a civil action against defendants Norwood Terrance Health Center, LLC, Norwood Terrace Nursing and Rehabilitation Center, LLC, and Arista Care at Norwood Terrace, LLC. Plaintiff alleges that her mother received negligent, substandard care when she was a resident in defendants' nursing home from February 9, 2016 through March 23, 2016. Defendants' failure to provide

A-1442-19

her with the care she required caused her great pain and distress, and ultimately resulted in her death. Plaintiff's theory of liability includes, but it is not limited to, nursing care malpractice, common law professional negligence, violation of the rights afforded to residents of nursing homes under N.J.S.A. 30:13-1 to -19, and the Wrongful Death Act, N.J.S.A. 2A:31-1 to -6.

On February 16, 2018, defendants filed a responsive pleading in which they asserted eighteen separate affirmative defenses that claim plaintiff's cause of action is barred by the relevant statute of limitations, assumption of the risk doctrine, the entire controversy doctrine, res judicata, and/or collateral estoppel. In this list of affirmative defenses, defendants did not mention or allude to the existence of an arbitration, forum selection clause in the Admission Agreement that deprived the trial court of jurisdiction to adjudicate the dispute. Finally, defendants responsive pleading expressly demands "a trial by jury on all issues."

After joinder of issue, the court set March 8, 2020 as the discovery end date and scheduled the trial to start on April 13, 2020. Defendants did not seek to enforce the arbitration clause until November 5, 2019, 658 days after plaintiff's filed her complaint and 627 days after defendants filed their responsive pleading denying plaintiff's allegations and demanding a trial by jury.

A-1442-19

The arbitration clause is located at the end of the Admission Agreement, directly above the line provided for the resident's signature. We include the arbitration clause here exactly the way it appears in the Agreement:

> EXCEPT FOR THE FACILITY'S EFFORTS TO COLLECT MONIES DUE FROM RESIDENT AND FACILITY'S OPTION TO DISCHARGE RESIDENT FOR SUCH FAILURE, WHICH THE PARTIES AGREE MAY BE HEARD BY A COURT OF COMPETETNT JURISDICTION IN THE CITY OR COUNTY WHERE THE FACILITY IS LOCATED ANY DISPUTE BETWEEN US SHALL BE DECIDED EXCLUSIVELY BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT A PARTY WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION. Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitratability [sic] of the claim or dispute), between the resident and the Facility or its employees, agents, successors or assigns, and related or affiliated parties if any, which arise out of or relates to this agreement or any related or resulting agreement, transaction or relationship (including any such relationship with parties who do not sign this agreement) shall be solved by arbitration and not by court action. <u>Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis, and not as a class action, and according to the rules of the America Arbitration Association</u>.
>
> [Emphasis added.]

A-1442-19

Defendants' motion to enforce the arbitration clause and dismiss plaintiff's complaint came for oral argument before the Law Division on November 22, 2019. Defense counsel made the following argument to the motion judge:

> There's no waiver. <u>There certainly was not intentional waiver of the right to pursue arbitration in this matter. There was a strategic delay while we awaited plaintiff's deposition in this matter.</u> While there's been some delay here, discovery is not as far along as the amount of time that's passed may indicate. We have completed written discovery and plaintiff's deposition. That's really it. No defense depositions, no expert discovery.
>
> [Emphasis added.]

In response, plaintiff's counsel specifically noted defense counsel's admission that it was a "defense strategy" to delay bringing this matter to the attention of the court in a motion to enforce the arbitration provision. Plaintiff's counsel also emphasized the arbitration agreement's mandate requiring the arbitrator to use America Arbitration Association's (AAA) rules was inconsistent with this court's decision in <u>Kleine v. Emeritus at Emerson</u>, in which we noted that as of January 1, 2013, AAA "would 'no longer accept the administration of cases involving individual patients without a post-dispute agreement to arbitrate.'" 445 N.J. Super. 545, 552 (App. Div. 2016). The record

shows, however, that defense counsel disputed the accuracy of plaintiff counsel's claims concerning the availability of AAA arbitration.

After summarizing the parties' legal positions, the motion judge's ruling consisted of the following cryptic statement:

> [T]his [c]ourt finds that defendants have waived their right to enforce the arbitration. The complaint was filed in January 2018. One year and ten months have passed since that time. Defendants have answered the complaint and participated in almost two years of discovery, responded to its motion practice and did not oppose an extension of discovery, albeit they did oppose the amount of time that it would be extended.
>
> Furthermore, more striking than (indiscernible) issue of arbitration in their answer to the claim. As such, plaintiffs would be prejudiced by this late change in litigation strategy. Therefore, defendant's motion is denied.[1]

The Supreme Court made clear in Cole that "[a]ny assessment of whether a party to an arbitration agreement has waived that remedy must focus on the totality of the circumstances." 215 N.J. at 280. This is not a mechanical exercise. It is "by necessity, a fact-sensitive analysis." Ibid. The Court listed the following factors to guide the analysis:

---

[1] Although we reach the same conclusion as the trial judge, we urge our colleague to conduct a more thorough analysis as required by Rule 1:7-4(a) in future similar cases.

A-1442-19

(1) the delay in making the arbitration request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking arbitration was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought arbitration to the date of trial; and (7) the resulting prejudice suffered by the other party, if any. No one factor is dispositive. <u>A court will consider an agreement to arbitrate waived, however, if arbitration is simply asserted in the answer and no other measures are taken to preserve the affirmative defense</u>.

[215 N.J. at 280-81 (emphasis added).]

Because the trial court's decision rested entirely on a question of law, our review is de novo. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Here, a number of significant factors militate in favor of finding defendants waived their right to enforce the arbitration clause. Despite its conspicuous placement in the Admission Agreement, defendants did not include, or even mention, the arbitration clause in their responsive pleading. Even more compelling, defendants affirmatively demanded a jury trial as the forum to adjudicate this dispute. From this moment forward, defendants proceeded to litigate this case in the Law Division over a period of 627 days.

7

Indeed, defense counsel admitted this delay was part of defendants' "trial strategy."

The Court in <u>Cole</u> noted that an agreement to arbitrate is waived "if arbitration is simply asserted in the answer and no other measures are taken to preserve the affirmative defense." 215 N.J. at 281. Defendants' litigation behavior here is far more egregious because they: (1) did not assert the arbitration agreement in their answer; (2) affirmatively demanded a jury trial in their pleadings; and (3) strategically waited nearly two years to take any measures to enforce the arbitration provision. Under these circumstances, waiver is axiomatic.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1442-19